UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRIAN R. BUTTNER, individually and
d/b/a APPLIED DESIGN RESEARCH
ASSOCIATES,

                Plaintiff,

      -against-                           5:13-CV-0342 (LEK/ATB)

RD PALMER ENTERPRISES, INC.;
RICHARD PALMER; RICH AND
GARDNER CONSTRUCTION
COMPANY, INC.; DUNN & SGROMO
ENGINEERS, PLLC; and ROBERT
CHARLES ABBOTT, JR.,

                Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

This action for copyright infringement and related claims comes before the Court on a Motion by Defendant Rich and Gardner Construction Company ("Rich & Gardner") for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Dkt. No. 44 ("Motion"); see Dkt. No. 52 ("Reply"). Defendants RD Palmer Enterprises and Richard Palmer (collectively, "Palmer") and Dunn & Sgromo Engineers ("Dunn & Sgromo") join in the Motion, see Dkt. Nos. 46-47; 51; 53, while Plaintiff Brian R. Buttner ("Plaintiff") opposes it.[1] Dkt. Nos. 48; 49 ("Response"). For the following reasons, the Motion is granted in full.

---

[1] Defendant Robert Charles Abbott, Jr., did not join in the Motion. See generally Dkt. For convenience, the Court uses "Defendants" herein to refer collectively to Defendants Rich & Gardner, Palmer, and Dunn & Sgromo.

## II. BACKGROUND[2]

Plaintiff is an architect who resides in New York. Dkt. No. 1 ("Complaint") ¶ 4. All Defendants are also New York residents. Id. ¶¶ 5-9. On March 14, 2006, Palmer hired Plaintiff to provide various services relating to the renovation of a gas station in Cortland, New York, owned and operated by Palmer. Id. ¶¶ 15, 28. Among the services Plaintiff rendered was the creation of architectural drawings ("Plans"). Id. ¶¶ 18-19, 21. Under Plaintiff's agreement with Palmer, Plaintiff retained copyright ownership in the Plans. Id. ¶ 16. Plaintiff registered his copyrights in the Plans on July 27, 2011. Id. ¶ 22.

Plaintiff gave Palmer a copy of the Plans in March or April 2006. Id. ¶ 20. Plaintiff revised the Plans thereafter through January 2008 according to Palmer's instructions and provided Palmer with copies of the revised Plans. Id. The gas station renovations began in 2010, with the participation of all Defendants, and were completed sometime before Autumn 2011. Id. ¶¶ 25-29. Plaintiff commenced this action on March 26, 2013, claiming that Defendants infringed his copyrights and Palmer breached a contract by completing the gas station renovations. See, e.g., id. ¶¶ 24-27, 30-31, 40-42. Plaintiff also brought claims under New York law for unjust enrichment and unfair competition arising out of the same events. Id. ¶¶ 44-53. The Motion seeks judgment that these noncontractual state-law claims are preempted by the Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. § 101 et seq., and that Plaintiff cannot obtain attorney's fees, statutory damages, or punitive damages in this action. See generally Mot.

---

[2] In ruling on Defendants' Rule 12(c) Motion, the Court accepts the factual allegations in Plaintiff's Complaint as true and draws all reasonable inferences in his favor. See Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).

## III. LEGAL STANDARD

Rule 12(c) motions for judgment on the pleadings are decided under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted. Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). Thus, "[t]o survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face,'" Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), when the complaint's factual allegations are taken as true and all reasonable inferences are drawn in a plaintiff's favor. Kirkendall v. Halliburton, Inc., 707 F.3d 173, 178 (2d Cir. 2013). The movant bears the burden of showing "'that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law.'" Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368 (1969)); accord 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2012).

## IV. DISCUSSION

### A. Preemption Under the Copyright Act

As of January 1, 1978, the Copyright Act expressly preempts any right under state statute or common law that is equivalent to any of the exclusive rights protected by the Copyright Act. 17 U.S.C. § 301(a). Thus, state-law claims regarding "works of authorship that are fixed in a tangible medium of expression," id.; see id. § 301(b)(1) (exempting "works of authorship *not* fixed in any tangible medium of expression" (emphasis added)), are preempted where the work in question is of a type protected under §§ 102 and 103 of the Copyright Act and the claimed state-law right is equivalent to a right enumerated in § 106 of the Copyright Act. See Briarpatch Ltd., L.P. v. Phoenix

3

Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004). The subject of Plaintiff's claims is his architectural works, which are protected under § 102(a)(8) of the Copyright Act. The question therefore is solely whether Plaintiff's state-law claims "involve acts of reproduction, adaptation, performance, distribution or display" and do not require any "extra elements" rendering them "qualitatively different from a copyright infringement claim." Briarpatch, 373 F.3d at 305.

*1. Unjust Enrichment*

Plaintiff argues that his unjust enrichment claim is not preempted by the Copyright Act because it includes an allegation of conversion.[3] See Resp. at 4-6; see also Briarpatch, 373 F.3d at 306 (holding that unjust enrichment claims under New York law are generally preempted by the Copyright Act). This argument fails for several reasons. First, unjust enrichment and conversion are separate legal theories. The elements of an unjust enrichment claim are: (1) enrichment of a defendant; (2) at the plaintiff's expense; and (3) equity and good conscience militate against permitting the defendant to retain what the plaintiff is seeking to recover. Levine v. Landy, 832 F. Supp. 2d 176, 188 (N.D.N.Y. 2011) (quoting Briarpatch, 373 F.3d at 306). The tort of conversion, on the other hand, requires: (1) legal ownership or an immediate superior right of possession to a specific identifiable thing; (2) over which a defendant has exercised an unauthorized dominion; (3) to the exclusion of the plaintiff's rights. Berman v. Sugo LLC, 580 F. Supp. 2d 191, 206 (S.D.N.Y. 2008) (quoting Fiorenti v. Cent. Emergency Physicians, PLLC, 762 N.Y.S.2d 402, 403 (App. Div. 2003)).

---

[3] Plaintiff, citing Computer Associates International, Inc. v. Altai, Inc., 982 F.2d 693 (2d Cir. 1992), states that "[a]ccording to the Second Circuit, a claim for unjust enrichment survives preemption by Federal copyright law where the Plaintiff has alleged conversion." Resp. at 4. However, Computer Associates discusses neither unjust enrichment nor conversion. See generally 982 F.2d 693.

4

Second, Plaintiff has not alleged facts proving conversion.  He relies solely on his conclusory allegation that "Defendants were unjustly enriched by the theft, misappropriation, and conversion of Plaintiff's ideas, designs, and concepts."  Compl. ¶ 47; see Resp. at 4.  However, "[t]he conversion of intangible property," such as ideas, designs, and concepts, "is not actionable."  Sun Gold Corp. v. Stillman, 946 N.Y.S.2d 24, 25 (App. Div. 2012) (citing Sporn v. MCA Records, 448 N.E.2d 1324, 1327 (N.Y. 1983)); see also Berman, 580 F. Supp. 2d at 206.  Nor has Plaintiff pleaded a proper conversion claim; *i.e.*, that Defendants have wrongly exercised an exclusive domain over a tangible object belonging to Plaintiff regardless of any expressive content associated with that object.  Such a claim "survives" copyright preemption because it concerns only possession of a specific item and has nothing to do with, *e.g.*, copying, displaying, or distributing the item, or creating derivative works based on it.  Thus, the defendants in Levine properly conceded that the plaintiff's claim for the wrongful retention of a specific set of photographic slides was not preempted by the Copyright Act.  832 F. Supp. at 188; see also Oddo v. Ries, 743 F.2d 630, 635 (9th Cir. 1984) ("Conversion of tangible property involves actions different from those proscribed by the copyright laws, and thus is not preempted."); cf. Sporn, 448 N.E.2d at 1327 (holding that a conversion claim was actionable for possession of a master recording).  Here, Plaintiff has not alleged that Defendants are wrongfully in possession and exclusive control of certain material items rightfully belonging to Plaintiff; on the contrary, Plaintiff alleges that he provided copies of the original and revised Plans to Palmer and does not allege that they were ever to be returned.  Compl. ¶ 20; see Berman, 580 F. Supp. 2d at 206-07 (dismissing inadequately pleaded claim for conversion).  See generally Compl.

Finally, Plaintiff reasons that "Defendants' distribution, copying, transferring, modification,

5

and other actions relating to Plaintiff's architectural works were 'beyond the authority' granted by the Agreement [with Palmer], and therefore a conversion." Resp. at 6. But even assuming that Plaintiff's agreement with Palmer is relevant to Rich & Gardner and Dunn & Sgromo, the unauthorized distribution, copying, transference, or modification of a work is precisely the substance of a copyright infringement claim. See 17 U.S.C. § 106; Briarpatch, 373 F.3d at 305. Plaintiff appears to be on the horns of essentially the same dilemma described by the Second Circuit in Harper & Row Publishers, Inc. v. Nation Enterprises: "If unauthorized publication is the gravamen of their claim, then . . . their conversion claim is necessarily preempted. Alternatively, . . . [they] have failed . . . to state a conversion claim." 723 F.2d 195, 201 (2d Cir. 1983), rev'd on other grounds, 471 U.S. 539 (1985). For all the foregoing reasons, therefore, Plaintiff's unjust enrichment claim is likewise dismissed.

    *2. Unfair Competition*

An unfair competition claim under New York law is preempted by § 301 of the Copyright Act if it is based solely on copying expression protected by the Act. Cabell v. Sony Pictures Entm't, Inc., 425 F. App'x 42, 43 (2d Cir. 2011) (citing Kregos v. Associated Press, 3 F.3d 656, 666 (2d Cir. 1993)); see also Eyal R.D. Cop. v. Jewelex N.Y. Ltd., 784 F. Supp. 2d 441, 447 (S.D.N.Y. 2011) ("[T]o avoid preemption, that which is claimed to be unfair competition must be something different from copying, or the fruits of copying, or the intent or bad faith that can be inferred from the act of copying . . . ."). A state-law claim is "qualitatively different," however, and therefore not preempted by the Copyright Act, "if it requires such elements as breach of fiduciary duty." Briarpatch, 373 F.3d 296, 306 (citing Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693 (2d Cir. 1992)). Plaintiff argues that his unfair competition claim is based on the breach by all

6

Defendants of a fiduciary duty created by his "contractual, business relationship with Defendant Palmer." Resp. at 8; see id. at 6-8. In New York, however, "a conventional business relationship, without more, is insufficient to create a fiduciary relationship." AHA Sales, Inc. v. Creative Bath Prods., Inc., 867 N.Y.S.2d 169, 181 (App. Div. 2008). Nor has Plaintiff alleged "special circumstances," such as Defendants' control of him for his own good, that could create such a relationship. See id. See generally Compl. Where there is no fiduciary relationship, there can be no breach of a fiduciary duty.

Moreover, Plaintiff's most specific allegation regarding this claim is that "Defendants have exploited and diminished the commercial advantage of advertising the infringing architectural works and designs as that of Plaintiff's." Compl. ¶ 51. Misrepresentation of authorship or failure to attribute authorship of a work does not save an unfair competition claim under New York common law from preemption by the Copyright Act. See Levine, 832 F. Supp. 2d at 191-92. Plaintiff's unfair competition claim is therefore dismissed.

**B. Punitive Damages**

Because Plaintiff's unjust enrichment and unfair competition claims have been dismissed, only his copyright infringement claim against all Defendants and breach of contract claim against Palmer remain. Punitive damages are generally not available in copyright infringement actions, see On Davis v. The Gap, Inc., 246 F.3d 152, 172 (2d Cir. 2001), nor are they available in actions for breach of contract that, as here, do not contain a substantial public component. See TVT Records v. Island Def Jam Music Grp., 412 F.3d 82, 96 (2d Cir. 2005). Plaintiff's remaining claims are therefore dismissed insofar as they seek punitive damages.

7

## C. Attorney's Fees and Statutory Damages

With exceptions not relevant here, attorney's fees and statutory damages are prohibited in copyright infringement actions where: (1) the work was unpublished and unregistered when the claimed infringement began; or (2) the work was published when the claimed infringement began but not registered by the three-month mark thereafter. 17 U.S.C. § 412. This bar furthers the Copyright Act's goal of encouraging copyright holders to register their works. See, e.g., Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 158 n.1 (2010). The Plans at issue here have not been published.[4] Plaintiff claims that the Plans were registered on July 27, 2011, but has not provided registration certificates; instead, Plaintiff provides only copies of e-mails generated by the U.S. Copyright Office's electronic system. See Resp. at 11; Dkt. No. 48 Ex. C. See generally Dkt. Assuming, however, that the Plans were registered on July 27, 2011, Plaintiff also states that construction of the allegedly infringing gas station was completed on July 10, 2011. See Resp. at 11; accord Reply at 6. Thus, even if infringement commenced on July 10, 2011, as Plaintiff argues, the Plans were unpublished and unregistered at that time, and Plaintiff therefore cannot recover attorney's fees or statutory damages.[5] See Resp. at 11-13. Plaintiff's suggestion that Defendants may have infringed his copyright by constructing another building is, at this point, entirely

---

[4] Plaintiff suggests that publication occurred when Defendants applied for a Certificate of Occupancy for the gas station. See Resp. at 11. It did not; an allegedly unauthorized and infringing act cannot constitute "publication," and trigger all the legal consequences thereof, because publication is an exclusive right properly exercised only by the copyright holder. See, e.g., Clipes v. Mikasa, Inc., 346 F. Supp. 2d 371, 375 (D. Mass. 2004); Zito v. Steeplechase Films, Inc., 267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003).

[5] Any infringement of the Plans would actually have commenced much earlier, when Defendants took substantial steps toward implementing them. See Dorchen/Martin Assocs., Inc. v. Brook of Cheboygan, Inc., No. 11-10561, 2013 WL 140790, at *2-3 (E.D. Mich. Jan. 11, 2013); Morgan v. Hawthorne Homes, Inc., No 04-1809, 2011 WL 2181385, at *3 (W.D. Pa. June 2, 2011); Cornerstone Home Builders, Inc. v. McAllister, 311 F. Supp. 2d 1351, 1352-53 (M.D. Fla. 2004).

8

speculative. Resp. at 11; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). Accordingly, Plaintiff's copyright infringement claim is dismissed insofar as it seeks attorney's fees and statutory damages.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants Rich & Gardner, Palmer, and Dunn & Sgromo's Motion (Dkt. No. 44) for judgment on the pleadings is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's unjust enrichment and unfair competition claims are **DISMISSED** as against Defendants Rich & Gardner, Palmer, and Dunn & Sgromo; and it is further

**ORDERED**, that Plaintiff's copyright infringement and breach-of-contract claims are **DISMISSED** as against Defendants Rich & Gardner, Palmer, and Dunn & Sgromo insofar as they seek punitive damages; and it is further

**ORDERED**, that Plaintiff's copyright infringement claim is **DISMISSED** as against Defendants Rich & Gardner, Palmer, and Dunn & Sgromo insofar as it seeks attorney's fees and statutory damages; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED: November 27, 2013
Albany, NY

Lawrence E. Kahn
U.S. District Judge