UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRIAN R. BUTTNER, individually and
d/b/a Applied Design Research Associates,

        Plaintiff,

 -against-          5:13-CV-0342 (LEK/TWD)

RD PALMER ENTERPRISES, INC., *et al.*,

        Defendants.

# DECISION AND ORDER

## I. INTRODUCTION

Before the Court are Plaintiff Brian R. Buttner's Motion for a Stay of Proceedings, Dkt. No. 147 ("Stay Motion"); see also Dkt. No. 154 ("Palmer Stay Response"); Dkt. No. 155 ("R&G Stay Response"), and defendants RD Palmer Enterprises, Inc.'s and Richard Palmer's (collectively, the "Palmer Defendants") Motion to Reconsider, Dkt. No. 152 ("Reconsideration Motion"); see also Dkt. No. 163 ("Reconsideration Opposition"). Also submitted to the Court is defendant Rich and Gardner Construction Company, Inc.'s ("R&G") Motion for Attorneys' Fees. Dkt. No. 148 ("Fees Motion"). For the reasons stated below, the Stay Motion and the Reconsideration Motion are denied, and the Fees Motion is denied with leave to refile.

## II. BACKGROUND

This case stems from a dispute concerning the development and use of architectural designs for a structure in Cortland, New York, the plans for which "amounted to essentially a combined Dunkin' Donuts, convenience store, and gas station." Dkt. No. 145 ("Summary

Judgment Order") at 2. The facts surrounding these gas station designs and Plaintiff's allegations of copyright infringement are discussed more thoroughly in the Summary Judgment Order.

The facts relevant to this Decision and Order reveal a jurisdictional and procedural mess between this Court and the Second Circuit Court of Appeals—a result of lost communications, untimely filings, and apparently forgotten claims. After a series of summary judgment motions were filed in this action, Dkt. Nos. 77, 83, 84, 89, 93, 131, 133, the Court granted partial summary judgment and dismissed all of Plaintiff's claims except for a state-law breach of contract claim against the Palmer Defendants, Summ. J. Order at 24–27. Believing that the parties' maelstrom of motions had resolved all outstanding federal claims in this case, the Court ordered the parties to address the propriety of continued supplemental jurisdiction over the breach of contract claim. Id. at 24–25, 27.

A closer review of the docket shows the Court to have been mistaken. In its Answer and Counterclaims, R&G asserts three counterclaims against Plaintiff, seeking (1) a declaratory judgment of noninfringement regarding the copyright, (2) a declaratory judgment of the copyright's invalidity, and (3) damages for Plaintiff's alleged "copyright abuse, abuse of process, and unfair competition." Dkt. No. 33 ("R&G Answer") at 11–25. At least two of these counterclaims appear to assert federal questions, cf. R&G Answer at 11 (claiming subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)), and the Court's Summary Judgment Order only addressed the first of these counterclaims, see Summ. J. Order at 26 (granting Dkt. No. 89).[1]

---

[1] Despite the apparent lack of continued dispute over the copyright's validity, see Summ. J. Order at 9 ("Neither Rich and Gardner nor Palmer disputes the validity of the copyright, and thus there is no triable issue of fact with regard to the validity of Plaintiff's copyright."), neither Plaintiff nor R&G appears to have addressed R&G's second or third counterclaims in their papers or moved for summary judgment on this point, see Dkt. Nos. 77, 83, 89, 100, 104, 105.

Rather than address the outstanding counterclaims or the propriety of continued supplemental jurisdiction over the breach of contract claim, Plaintiff filed a Notice of Appeal, Dkt. No. 146, seeking review of the Court's Summary Judgment Order. Importantly, the Court never issued a final judgment in this action, for the obvious reason that the final disposition of Plaintiff's breach of contract claim (and also R&G's counterclaims) had never been addressed. Cf. 28 U.S.C. §§ 1291, 1292 (limiting federal appellate jurisdiction to appeals from "final decisions" of district courts and a limited number of interlocutory orders). On the same day the Notice of Appeal was filed, Plaintiff also filed his Stay Motion, seeking to stop proceedings in this Court until the Court of Appeals addressed the dismissal of his copyright claims. Dkt. No. 147-2 ("Stay Memorandum") at 1–2.[2]

Four days after the Notice of Appeal and the Stay Motion were filed, R&G filed its Fees Motion, seeking an award of attorneys' fees as the prevailing party in a copyright case under 17 U.S.C. § 505, fees and costs after an offer of judgment was served pursuant to Federal Rule of Civil Procedure 68, and a fees award due to Plaintiff's "objectively unreasonable" and "bad faith" allegations pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11. Dkt. No. 148-1 ("Fees Memorandum") at 13–19. While R&G's Fees Memorandum correctly noted that the Court "granted [R&G's] motions for summary judgment and denied [Plaintiff's] motion for

---

[2] In the course of arguing for his Stay Motion, Plaintiff also "concede[d] that, absent the justifiability [sic] of the federal questions in its now dismissed copyright infringement claims, this Court lacks . . . subject matter jurisdiction over the breach of contract action against the Palmer Defendants and [Plaintiff] will not be submitting any Memorandum to the contrary." Stay Mem. at 1. The parties have yet to address the effect of R&G's counterclaims on the Court's exercise of supplemental jurisdiction. Cf. Acorne Prods., LLC v. Tjeknavorian, 33 F. Supp. 3d 175, 182 (E.D.N.Y. 2014) ("If defendants' counterclaims . . . arise under the Copyright Act, this court would have jurisdiction over the counterclaims, and could exercise supplemental jurisdiction over plaintiffs' claims.").

summary judgment on the sole claim remaining against Rich & Gardner: copyright infringement," id. at 1, the Fees Memorandum does not mention and appears unaware of R&G's outstanding counterclaims.

Twenty-seven days after the Summary Judgment Order was entered, the Palmer Defendants filed their Reconsideration Motion, seeking even more summary judgment than they initially received. Specifically, the Palmer Defendants argued that the Court should also have dismissed Plaintiff's breach of contract claim, pointing to one section of the contract and portions of Plaintiff's deposition testimony to show that there was no breach of the parties' agreement. Dkt. No. 152-5 ("Reconsideration Memorandum"). But cf. Dkt. No. 84-4 ("Palmer Defendants' Summary Judgment Memorandum") at 19–20 (presenting the breach of contract argument in approximately one page with minimal citations to the record); Summ. J. Order at 22 ("Palmer has not cited any of the language or provisions from the contract to support his claim. The Court cannot possibly determine whether Palmer breached (or did not breach) the contract without being apprised of the relevant provisions of the contract at issue."). The Palmer Defendants styled their Reconsideration Motion as having been brought under Federal Rule of Civil Procedure 59(e), "which provides for the filing of a motion to alter or amend the judgment." Recons. Mem. at 1. But see id. (correctly describing "the denial of a motion for summary judgment [as] an interlocutory order" (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990))).

While all of this motion practice was ongoing, the Second Circuit took note of the Palmer Defendants' purported Rule 59 motion and consequently stayed their appeal pending this Court's resolution of the Reconsideration Motion. See Initial Notice of Stay of Appeal, Buttner v. RD

Palmer Enterprises Inc., No. 15-1177 (2d Cir. May 26, 2015), ECF No. 27; see also Fed. R. App. P. 4(a)(4)(B)(i) (providing that a notice of appeal becomes effective after the district court's order disposing of a Rule 59 motion is entered). However, the Notice of Stay was not docketed with this Court, which only recently became aware of the Second Circuit's stay pending further action here. While the Court was previously awaiting the Second Circuit's mandate (or a dismissal of the appeal) before proceeding with this action, the Court's recent receipt of the Notice of Stay has compelled it to decide the motions discussed above.

## III. DISCUSSION

### A. The Stay Motion

This issuance of a stay is not available as of right, and is instead "an exercise of judicial discretion." Nken v. Holder, 556 U.S. 418, 433 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433–34.

While the decision of whether to grant a stay is reserved to the district court's discretion, this "does not mean that no legal standard governs that discretion." Id. at 434 (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005)). The Supreme Court and the Second Circuit have specified the factors to be considered when deciding a motion for a stay of proceedings pending an appeal:

> The four factors to be considered in issuing a stay pending appeal are well known: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). In World Trade Center, the Second Circuit vacated a stay of proceedings in the district court after concluding that there was a limited probability of success on the appeal. Id.

Here, the Court determines that there is effectively no probability of Plaintiff's success on this appeal. This is because the appeal was filed prior to the entry of a final decision by the Court, 28 U.S.C. § 1291, and does not fit within one of the exceptions for appeals from interlocutory orders, id. § 1292(a)–(b), (e). The second and fourth factors from World Trade Center similarly caution against a stay. Since the Court's grant of partial summary judgment is not an appealable order, Plaintiff's motion for a stay pending the outcome of its appeal of that order is denied.

### B. The Reconsideration Motion

The Palmer Defendants' Reconsideration Motion, which was filed twenty-seven days after the Court's Summary Judgment Order, claims to have been made pursuant to Federal Rule of Civil Procedure 59(e). Recons. Mot. at 1. Rule 59(e) in turn provides that any "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

The order that the Palmer Defendants seek to challenge, however—namely, the Court's Summary Judgment Order—was not a final judgment. A determination of "partial summary judgment . . . [does] not constitute a final judgment. Consequently, Rule 59 is not a proper basis for defendants' motion." Eagle Comtronics, Inc. v. Ne. Filter Co., No. 90-CV-573, 1992 WL 75061, at *1 (N.D.N.Y. Apr. 6, 1992); accord Williams v. County of Nassau, 779 F. Supp. 2d

276, 280 n.2 (E.D.N.Y. 2011); see also Recons. Mot. at 1 ("[T]he denial of a motion for summary judgment is an interlocutory order . . . ." (quoting Lavespere, 910 F.2d at 185)).[3]

Because the Reconsideration Motion cannot be construed as a Rule 59 motion to alter or amend a judgment, and is instead an interlocutory motion for reconsideration, Local Rule 7.1(g) sets the deadline to file the motion: "[A] party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree." L.R. 7.1(g). As the Reconsideration Motion was filed twenty-seven days after the Summary Judgment Order was entered, as opposed to the fourteen days required by Local Rule 7.1(g), the Palmer Defendants' Reconsideration Motion is denied as untimely.

**C. The Fees Motion**

Finally, the Court turns to R&G's Fees Motion. Without opining on the merits of R&G's motion, the Court notes that the motion fails to address the existence or disposition of R&G's two apparently outstanding counterclaims. See Fees Mem.

It is a power inherent "in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Irrespective of the propriety of filing the Fees Motion before an entry of judgment, the Court finds that—absent special circumstances—the interests of judicial economy suggest that motions for attorneys' fees are appropriately considered after all of the claims by and against the requesting party have been resolved. As such, the Court denies R&G's

---

[3] Plaintiff or any other party can attempt Rule 59 review—or appeal—of the Summary Judgment Order once judgment is entered in this case, since interlocutory orders will merge into the final judgment. See, e.g., City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 141 n.25 (2d Cir. 2011); Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 219 n.6 (2d Cir. 2001).

Fees Motion with leave to freely refile following the resolution of its outstanding counterclaims in this case.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Stay Motion (Dkt. No. 147) is **DENIED**; and it is further

**ORDERED**, that the Palmer Defendants' Reconsideration Motion (Dkt. No. 152) is **DENIED**; and it is further

**ORDERED**, that R&G's Fees Motion (Dkt. No. 148) is **DENIED with leave to refile** after the resolution of R&G's outstanding counterclaims; and it is further

**ORDERED**, that the parties are directed to submit a request for conference before the Court within **ten (10) days** after the Court of Appeals issues a mandate or dismisses the appeal in this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED:  July 1, 2016
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge